judge was right. The complaint alleged that "at South Mount Vernon, in the county of Westchester, in the state of New York, between and including the 4th day of April, 1891, and the 25th day of July, 1891, both inclusive, the plaintiff rendered and performed certain work, labor, and services for the defendant, consisting of the blasting, excavating, and removing of three thousand four hundred and seventy-five cubic yards of rock." This allegation was not denied. In the second subdivision of the answer the defendant set out the contract substantially in accordance with its terms as proved upon the trial, and then proceeded to aver "that the work, labor, and services done by the plaintiff for the defendant, and alleged in the complaint, were done and performed under and in pursuance of the said contract, and not otherwise." Here was the clearest sort of admission and averment that the 3,475 cubic yards of excavation, for which the plaintiff was seeking payment, was work done under the contract between the parties; and, if so, it must have been work for which the plaintiff was entitled to be paid. With such a statement in his pleading, the defendant could not properly be allowed to prove that a portion of this very work was done outside the contract, and hence should not be paid for. It seems probable that the importance of this defense was not impressed upon the mind of the learned counsel for the appellant when he drew the answer, as so skillful a pleader would hardly have omitted to state it in a form which would admit of no doubt as to the meaning.

The judgment should be affirmed. All concur.

(19 App. Div. 583.)

### MURPHY v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. July 7, 1897.)

APPEAL—REVIEW—CONFLICTING EVIDENCE.

    Where, in an action for injuries by a collision with a street car, the evidence as to all the questions of fact is conflicting, the verdict of the jury will not be disturbed, where there is evidence to sustain it.

Appeal from trial term.

Action by James Murphy against the Nassau Electric Railroad Company. From a judgment entered on a verdict for plaintiff, and from an order denying a motion to set it aside, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and BRADLEY, JJ.

Henry Yonge, for appellant.
John F. Clarke, for respondent.

GOODRICH, P. J. The plaintiff sues to recover for damages which he suffered by a collision with a car of the defendant which ran westward along Johnson avenue. He was employed by the contractor for cleaning Johnson avenue and other streets in the city of Brook-

lyn, and was driving a cart eastward at the time of the accident. Street dirt had been gathered along the sides of the avenue, and the cart which the plaintiff was using and another cart were being filled with this dirt. After loading his cart, the plaintiff started for the dump, some distance further to the eastward. Between the east-bound track and the curbstone was the other cart, then engaged in taking up dirt, which obliged the plaintiff to drive upon the east-bound track, along which he proceeded for some distance, when he was signaled by the motorman of a car behind him to get off the track. The position of the other cart prevented his going between this track and the curb, and he drove over upon the west-bound track, and proceeded along it for a distance variously estimated in the neighborhood of 100 feet, until the car had either reached or passed him. Another car was on the east-bound track, a short distance behind the first-named car, and had arrived at or near the point of collision at the time of the accident. While the plaintiff was thus driving upon the west-bound track, a third car came around the corner of Johnson avenue and a cross street, several hundred feet distant. The plaintiff saw this car, as he testifies, half a block away,—probably 100 or 200 feet, the block being a long one; and when he saw it he turned to go into the east track, but the car was coming so fast that he could not get out of the way in time to avoid the collision, his wheel catching and scraping along the track. The left-hand wheel of the cart was struck by the car and badly broken, the cart upset, and the plaintiff thrown under the car and dragged some 25 or 30 feet, receiving serious injury. As to all the salient questions of fact, there is much conflicting testimony. The plaintiff has produced his fellow workmen and a passenger, and the defendant has produced conductors or motormen from the three cars, and passengers and bystanders, who give varying testimony as to the different circumstances of the collision. The court submitted to the jury these questions of fact, and we must assume, for the purposes of this appeal, that all of these questions were decided in favor of the plaintiff. The defendant's counsel, however, contends that, even upon the plaintiff's version of the accident, he was guilty of contributory negligence, because, being confronted with danger, he turned on to the west-bound track, which he might have avoided doing, with only slight delay and inconvenience, by turning towards the curb until the car had passed; that he was negligent in taking the former course, and that having gone into a position of danger, and the necessity for continuing there, if any, being removed, it was negligence for him to remain upon the west-bound track until it was too late for escape. There is no doubt of the correctness of the abstract view stated, but the difficulty is that the jury have found the facts assumed by defendant's counsel adversely to his assumption. The facts deducible from the verdict are that there was no danger when the plaintiff turned into the west-bound track, that he did not go into a position of danger, that the necessity for continuing on the west-bound track was not removed when he attempted to turn from the west to the east-bound track, and that the car was at such a distance from the cart as to make it safe for the plaintiff to be

upon the west track. Under these circumstances, the verdict of the jury ought not to be disturbed, as there was ample evidence to jus-tify their findings on all these questions. All concur.